CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
JUN -9 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID RAY BARBOUR,** </br> **Plaintiff,** </br> </br> v. </br> </br> **D. BRYANT,** </br> **Defendant.** | Civil Action No. 7:10-cv-00168 </br> </br> **MEMORANDUM OPINION** </br> </br> By: Hon. Jackson L. Kiser </br> Senior United States District Judge |

Plaintiff David Ray Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendant, an unknown correctional agent, took $22.00 from plaintiff to satisfy a $22.00 fine imposed as a result of plaintiff's institutional infraction. After screening plaintiff's submissions pursuant to 28 U.S.C. § 1915A(b)(1), I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff was sent to Bland Farm Correctional Center. Correctional Officers Croy and Melvin know that Sgt. Croy knew plaintiff did not violate institutional rules although plaintiff was found guilty of violating institutional rules and received a $22.00 fine. Plaintiff wants the $22.00 put back into his account.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v.

Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff requests $22.00 in compensatory damages as relief because the defendants allegedly found plaintiff guilty of an institutional infraction despite his innocence. However, plaintiff cannot seek damages via § 1983 about a disciplinary hearing where the results of the

hearing have not been invalidated. In Edwards v. Balisok, 520 U.S. 641 (1997), the United States Supreme Court held that Heck v. Humphrey, 512 U.S. 477 (1994) applies to challenges to the procedures utilized in institutional hearings. In Heck, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. Success on plaintiff's claim clearly would imply the invalidity of the $22.00 fine because he essentially argues actual innocence of the acts for which the correctional facility imposed the fine: if it were not for the alleged unconstitutional acts, plaintiff would not have been convicted of the institutional infraction. Plaintiff can not prove favorable termination because he is filing suit over the $22.00 fine and wholly omits any relevant information or support like the fact a court invalidated the institutional infraction. See Iqbal, 129 S. Ct. at 1950. Therefore, plaintiff pursues a meritless legal theory to attack his criminal conviction via a civil rights action without establishing any favorable termination. Accordingly, I dismiss the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 Fed. App'x. 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 9th day of June, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge